IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 2:06-CR-240 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| JAMIL S. SHALASH : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Motion for Relief Pursuant to a Writ of Coram Nobis filed by Defendant Jamil S. Shalash, *pro se*. Defendant requests the Court vacate what Defendant understands to be his $1,000 restitution obligation. (Doc. #117) The Government opposes Defendant's Motion. (Doc. #118) When sentencing Defendant, the Court did not order restitution, though the Court did impose a $1,000 fine on the defendant. The Court, therefore, construes Defendant's Motion as a motion to remit unpaid fines, under 18 U.S.C. § 3572(c). For the reasons stated herein, Defendant's Motion is **DENIED.**

### II. LAW AND ANALYSIS

In 2007 Defendant pled guilty to one count of conspiracy to possess in excess of five kilograms of cocaine with intent to distribute. On May 17, 2007, the Court ordered Defendant to serve 120 months in prison, pay a $100 assessment fee, and pay a fine of $1,000 (Doc. #53). Defendant contends that the Court should consider Defendant's inability to pay and, therefore, remit the fine. The Government opposes Defendant's Motion, arguing that Defendant has no standing to seek "remission."

1

A district court has limited power to modify a fine after final judgment has been entered. Under 18 U.S.C. § 3572(c), there are three circumstances when a sentence to pay a fine may be modified:

> "Notwithstanding the fact that a sentence to pay a fine can subsequently be— **(1)** modified or remitted under section 3573; **(2)** corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or **(3)** appealed and modified under section 3742; a judgment that includes such a sentence is a final judgment for all other purposes."

18 U.S.C. § 3572.

Defendant's Motion does not present any of the three circumstances. Under 18 U.S.C. § 3573, only the Government can move to petition the court for remission of a fine. Similarly, under Rule 35 of the Federal Rules of Criminal Procedure, only the government can petition the court for modification of a sentence, unless there is a clear error brought to the court's attention with fourteen days after sentencing. No such error has been alleged in the instant case. Nor has this case been appealed pursuant to section 3742.[1] Thus, Defendant cites no authority that would give this Court authority to remit his fine after entry of final judgment. The cases Defendant cites in support of his Motion pertain to restitution, which was not ordered in this case.

### III. CONCLUSION

For the reasons set forth, Defendant's Motion is, hereby, **DENIED**.

**IT IS SO ORDERED.**

**s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 15, 2012**

---

[1] The relevant sections of 18 U.S.C. 3742 at issue here are not implicated by the Supreme Court's ruling in *U.S. v. Pepper*, 131 S.Ct. 191 (2011).